[S. F. No. 16129. In Bank.—July 18, 1939.]

CLARICE McC. COLLINS, Appellant, v. BRIDGE IN-VESTMENT CO. (a Corporation) et al., Respondents.

Alfred J. Hennessy for Appellant.

Elliot W. Seymour and D. C. Murphy for Respondents.

THE COURT.—Appellant moves for an order vacating a sale of real property made pending appeal in alleged violation of a stay order granted by this court.

On August 31, 1938, the Superior Court in and for the City and County of San Francisco made its order terminating a moratorium decree theretofore entered and directing that sales under certain trust deeds "proceed as provided by law". The defendant in the action, as owner of the property, thereupon noticed an appeal to this court from said order. Shortly thereafter, and to preclude a sale of the property pending appeal, the appellant filed with this court a petition for a writ of *supersedeas*. Upon consideration of the petition, this court on September 26, 1938, issued its order directing the respondents to show cause on October 4th why a *supersedeas* should not issue as prayed. The order to show cause thus issued by the court made no provision for a stay. However, two days after the issuance of such order and on September 28, 1938, counsel for the appellant presented for filing, after having received permission therefor, a form of order to show cause which contained a provision for a stay in the following language: "And in the meantime and until further order of the Supreme Court, it is also ordered that all proceedings for the sale of the property described in said petition and upon the said orders appealed from, be and the same are hereby stayed." This latter order was served on the court below and the respondents. Contrary to

the appellant's contention, this order, assuming it to be properly in the case, did not furnish a continuous stay pending approval of a stay bond, hereinafter to be discussed, so as to assertedly preclude and make illegal any sale of the property pending the appeal. The stay so relied on by appellant was but temporary in character and expressly made operative only "until further order of the Supreme Court". This court made its further order in the matter when on October 13, 1938 (amending an earlier order of October 7th) it directed issuance of a writ of *supersedeas* "upon the appellant giving a bond in the sum of three thousand dollars ($3000) within ten days of the date hereof. The sureties, form and conditions of said bond to be approved by the Presiding Judge of the Superior Court of the City and County of San Francisco, or by some other Superior Court Judge designated by special order by said Presiding Judge, upon five (5) days written notice to the counsel for each of the defendants in said action."

The bond so required to be furnished never has been filed by the appellant. Approximately ten months have expired and the transcript upon the appeal likewise has not been filed. The ten-day period prescribed for the giving of the bond upon which the *supersedeas* was conditioned, expired on October 23, 1938, and the respondents proceeded to and did sell the property on November 2, 1938. At that time no bond had been furnished or filed. It is this sale that the appellant now seeks by this motion to vacate and set aside on the ground that it was in violation of a stay granted by this court.

The foregoing chronological statement of the facts definitely indicates that there was no stay in existence at the time of such sale. The *supersedeas* ordered issued on October 13th was conditioned upon appellant's furnishing an approved bond within ten days. As stated, said bond was not so furnished nor has it ever been filed down to the present time. As a result, the *supersedeas* has not issued. The fact that appellant sought a rehearing (which was denied) of the order requiring the stay bond and that subsequent to the sale, which was made in default of the furnishing of the bond, appellant sought and procured two extensions of time for the furnishing of such bond and that the superior court on November 29, 1938, prescribed the terms of such bond, is immaterial. The sale already had been

made for default in furnishing the bond and the subsequent extensions of time therefor and the fixation of the terms thereof were undoubtedly granted and ordered without knowledge of the fact that the sale had been made because of appellant's earlier default in the premises. They were idle acts. The issue was moot. Moreover, appellant's last attempt to secure a further extension of time was refused on December 5, 1938, and, as indicated, no attempt has been made to file the bond though more than six months have since expired.

We conclude, therefore, that there was no stay in existence at the time of the sale on November 2, 1938, and that the motion to vacate the sale must be, and it is, denied.

Rehearing denied.